**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GEORGE REED,<br><br>    Plaintiff,<br><br>    v.<br><br>ALLIEDBARTON SECURITY SERVICES, LLC, *et al.*,<br><br>    Defendants. | Civil Action No. 08-1744 (CKK) |

**MEMORANDUM OPINION**
(October 17, 2008)

Plaintiff George Reed filed this action in the Superior Court for the District of Columbia, seeking damages and other relief against Defendants AlliedBarton Security Services, LLC ("AlliedBarton") and Chevy Chase Bank, F.S.B. ("Chevy Chase Bank"), alleging employment discrimination based on disability and denial of reasonable accommodations. Plaintiff's Complaint asserts one cause of action for violations of the D.C. Human Rights Act, D.C. Code §§ 2-1401 *et seq.*, seeking "damages in an amount to be determined by a jury, but not less than $50,000 . . . ." *See* Compl. No federal causes of action were alleged. AlliedBarton removed the case to this Court on October 14, 2008, asserting that the Court has original jurisdiction under 28 U.S.C. § 1332. *See* Notice of Removal ¶ 2. For the reasons explained below, the Court shall sua sponte REMAND the case to the Superior Court for the District of Columbia.

**LEGAL STANDARD AND DISCUSSION**

The D.C. Circuit has explained that "[w]hen it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court *must* remand the case." *Republic of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir.

2002) (citing 28 U.S.C. § 1447(c) (emphasis added)).  Because removal implicates significant federalism concerns, a court must "strictly construe[] the scope of its removal jurisdiction." *Downey v. Ambassador Devel., LLC*, 568 F. Supp. 2d 28, 30 (D.D.C. 2008) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941)).  "'[I]f federal jurisdiction is doubtful, a remand to state court is necessary.'" *Id.* (quoting *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815-16 (4th Cir. 2004) (en banc)).  *See also Johnson-Brown v. 2200 M. St. LLC*, 257 F. Supp. 2d 175, 177 (D.D.C. 2003) ("Where the need to remand is not self-evident, the court must resolve any ambiguities concerning the propriety of removal in favor of remand.").  "The party seeking removal of an action bears the burden of proving that jurisdiction exists in federal court." *Downey*, 568 F. Supp. 2d at 30.  *See also Bhagwanani v. Howard Univ.*, 355 F. Supp. 2d 294, 297 (D.D.C. 2005).  If the party "cannot meet this burden, the court must remand the case." *Johnson-Brown,* 257 F. Supp. 2d at 177.

AlliedBarton removed the case to this Court alleging that this Court has diversity jurisdiction under 28 U.S.C. § 1332 ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . [c]itizens of different states . . .").[1]  The Court cannot agree with this conclusion.  Assuming but not deciding that the case otherwise satisfies the requirements for diversity jurisdiction, the Court finds that AlliedBarton has not met its burden of proving that the amount in controversy exceeds the sum or value of $75,000, as statutorily

---

[1] Plaintiff's Complaint alleges no federal causes of action.  Accordingly, AlliedBarton does not raise, nor does this Court have, original jurisdiction under 28 U.S.C. § 1331 ("[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

required, and the Court therefore does not have diversity jurisdiction over this matter.

Plaintiff's Complaint does not contain an ad damnum clause, but it includes a demand for jury trial that contains an assertion of "damages in an amount to be determined by a jury, but not less than $50,000, for compensatory damages for pain and suffering, emotional distress, mental anguish, lost pay/benefits, front pay, punitive damages, interest, costs and reasonable attorney's fees." *See* Compl.  AlliedBarton does not assert that the damages amount specified in the Complaint satisfies the amount in controversy requirement, nor does the Court find that the Complaint on its face meets the requirements for diversity jurisdiction.  *See Julien v. CCA of Tennessee, Inc.,* 268 F. Suppp. 2d 19, 22-23 (D.D.C. 2003) (complaint alleging "damages in an amount to be determined by a jury, but not less than $50,000" does not satisfy amount in controversy requirement under 28 U.S.C. § 1332).  Rather, AlliedBarton alleges that diversity jurisdiction is warranted because: "During recent discussions held after Plaintiff served Defendant AlliedBarton with his Complaint, counsel for Plaintiff made a demand well in excess of $75,000."  Notice of Removal ¶ 5.  AlliedBarton has not, however, submitted any supporting documentation or provided any detailed explanation of the amount demanded or the circumstances in which the demand was made.  Nor has AlliedBarton provided any other evidence to support its claim that the case satisfies the amount in controversy requirements set forth under 28 U.S.C. § 1332.  The Notice of Removal is likewise devoid of any case law supporting AlliedBarton's assertion that the Court has diversity jurisdiction in these circumstances.

The Court finds that AlliedBarton's unsubstantiated allegation that Plaintiff "made a demand well in excess of $75,000," without more, does not sufficiently prove the amount in

controversy.  *See, e.g., RWN Dev. Group, LLC v. Travelers Indem. Co. of Connecticut*, 540 F. Supp. 2d 83, 90 (D.D.C. 2008) (remanding a case because "the Court finds that the defendant has not provided any documentation [or] any other supporting evidence to establish that the plaintiffs' claims exceed the $75,000 amount in controversy requirement . . . [and] absent any supporting evidence to substantiate[] the asserted value of those claims [*sic*] reduces them to nothing more than pure speculation.")  Accordingly, because AlliedBarton has not met its burden of proving that the amount in controversy at issue in this case satisfies the diversity jurisdiction requirement, the Court shall remand this case to the Superior Court for the District of Columbia.  *See Johnson-Brown,* 257 F. Supp. 2d at 177.  *See also Nat'l Org. for Women v. Mut. of Omaha Ins. Co.,* 612 F. Supp. 100, 109 (D.D.C. 1985) ("The court concludes that the defendant has not met its burden upon removal of demonstrating that this court can exercise jurisdiction over this action; therefore this case must be remanded. . . .").

## CONCLUSION

For the reasons set forth above, the Court shall REMAND this case to the Superior Court for the District of Columbia pursuant to 28 U.S.C. § 1447(c).  An appropriate Order accompanies this Memorandum Opinion.

Date: October 17, 2008

                                                                  */s/*                                                      
                                                                 COLLEEN KOLLAR-KOTELLY
                                                                 United States District Judge